UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SARA VILLAMAR,

    Plaintiff,                                                      CASE NO.:

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, LEXINGTON INSURANCE COMPANY ("Defendant" or "Lexington"), gives notice of removal of this civil action, Case Number 2022-024040-CA-01, pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and hereby removes this action to the United States District Court for the Southern District of Florida, Miami Division.  In support of its notice of removal, Lexington states as follows:

1. On or about December 19, 2022, the Plaintiff, SARA VILLAMAR ("Plaintiff"), filed a Summons and Complaint bearing Case Number 2022-024040-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. Lexington is the sole defendant named in the Complaint filed by the Plaintiff on December 19, 2022, styled as *Sara Villamar v. Lexington Insurance Company*.  *See* Summons and Complaint, attached hereto as **Composite Exhibit 1**.

3. Lexington was served with Plaintiff's Summons and Complaint on or about December 29, 2022.  See Notice of Service of Process, attached hereto as **Exhibit 2**.

4. The United States District Court for the Southern District of Florida, Miami

Division, is the Court embracing the place wherein such action is pending in state court.

5.  This removal is effected and has been timely filed within one (1) year after commencement of the action and within thirty (30) days after Defendant received service of Plaintiff's Summons and Complaint.

6.  This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.  Pursuant to 28 U.S.C. § 1446 (a), a copy of the docket along with a copy of all pleadings filed in the record of the State Court action are attached hereto as **Composite Exhibit 3**.

8.  For the purposes of diversity of citizenship under 28 U.S.C. § 1332(c)(2), the Plaintiff, SARA VILLAMAR, is a citizen of the state of Florida, residing in Miami-Dade County, Florida.  *See* Miami-Dade County's Property Appraiser Information, attached hereto as **Exhibit 4**, denoting that the Plaintiff is a recipient of the homestead exemption for the subject property located at 3485 North Meridian Avenue, Miami Beach, Florida 33140; *see* also the Quit Claim Deed for the Subject Property attached hereto as **Exhibit 5.**

9.  Defendant is a Delaware corporation and maintains its principal place of business in Boston, Massachusetts.  Therefore, Defendant is not a citizen of Florida. Copies of the Delaware Division of Corporations Information and Florida Office of Insurance Regulation Information for Defendant are attached hereto as **Composite Exhibit 6.**

10.  This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  All properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. In Plaintiff's Complaint, Plaintiff alleges Defendant issued a homeowners policy of insurance bearing policy number 23247975-01 (the "Policy") to the Plaintiff which insured the real property located at 3485 North Meridian Avenue, Miami Beach, Florida 33140 (the "Subject Property"). *See* **Composite Exhibit 1 ¶ 6**.

12. Plaintiff alleges that ". . . the Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy but which the Insurance Company failed to indemnify for" and that "the Insurance Company has breached the Policy." *See* **Composite Exhibit 1 ¶ ¶ 10 and 11**.

13. The amount in controversy exceeds $75,000.00. The minimum amount in controversy is $134,412.82, as demonstrated by an estimate prepared on behalf of the Plaintiff by Santos Public Adjusters in the total amount of $149,771.32, less

a) a prior undisputed payment made by the Defendant to the Plaintiff in the amount of $12,858.50; and

b) the applicable deductible in the amount of $2,500.00.

Santos Public Adjusters' Estimate is attached hereto as **Exhibit 7**. See also Plaintiff's Civil Cover Sheet filed in the State Court action indicating that the estimated amount of the claim is over $100,000.00, a copy of which is attached hereto as **Exhibit 8.**

14. Given that the Plaintiff seeks recovery for damage to the Property totaling $134,412.82, in addition to an award of attorney's fees and costs pursuant to Florida Statutes §627.428, it appears there is a reasonable probability that the amount in controversy exceeds $75,000.00. *See* **Composite Exhibit 1 following ¶ 19**; s*ee also Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015) (district courts are permitted to make "reasonable deductions" and "reasonable inferences" in determining whether the case meets

federal jurisdictional requirements).

16. The facts related to the federal court's jurisdiction over this matter were true at the time the Plaintiff filed their Complaint and are true presently.

16. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

17. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certify that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

18. By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to Plaintiff's Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

**WHEREFORE**, the Defendant, LEXINGTON INSURANCE COMPANY, respectfully requests that the above-referenced action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-024040-CA-01, be removed from that court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume jurisdiction over the cause herein as provided by law, and grant such further relief that this Court deems just and proper.

Dated this 27th day of January, 2023.

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By: */s/ Irene Thaler*
IRENE THALER, ESQ., FBN: 88288
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Phone: (813) 519-1027
ithaler@clausen.com
rgomez@clausen.com
ylyles@clausen.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 27th day of January, 2023.  I also certify that the foregoing document is being served this day on all counsel of record:

Carlos Santi, Esq.
Property & Casualty Law Group
csanti@pclawgroup.com

**CLAUSEN MILLER P.C.**

By: */s/ Irene Thaler*
IRENE THALER, ESQ.,
FBN: 88288

5

8825124.1