UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SARA VILLAMAR,

    Plaintiff,                                CASE NO.: 1:23-CV-20325-DPG

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AND
MOTION TO STRIKE IMPROPER PRAYER FOR STATUTORY FEES**

COMES NOW the Defendant, Lexington Insurance Company ("Lexington" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss the Complaint filed by Plaintiff, SARA VILLAMAR ("Plaintiff"), on the grounds that this action is premature as the policy of insurance relied upon by Plaintiff contains an invoked appraisal provision requiring appraisal once requested by a party. In support of its Motion to Dismiss, Lexington states as follows:

**FACTUAL BACKGROUND**

1.    This lawsuit arises from a claim for insurance proceeds for alleged damages to certain real property located at 3485 N. Meridian Avenue Miami Beach, Florida 33140 ("Property") from a windstorm reported to have occurred on April 11, 2021 ("subject claim"). Plaintiff alleges Lexington breached the insurance contract because it "failed to indemnify" Plaintiff for the loss by paying $12,858.50. *See* Exhibit A, Complaint, ¶7, ¶10.

1

2. However, as Lexington argues in more detail below, Plaintiff's breach of contract action is premature and in direct contravention of Florida statutory law because appraisal is ongoing.

3. Plaintiff alleges "all conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed." Plaintiff further alleges she "satisfied all post-loss obligations to the best of her ability in accordance with the Policy." *See* Exhibit A, ¶5, ¶17.

4. Contrary to the allegations in the Plaintiff's Complaint, all conditions precedent and post-loss obligations have not been complied with prior to filing suit. Particularly, prior to Plaintiff's lawsuit being filed and served, Lexington performed an investigation into the Insured's subject claim and ultimately, Lexington invoked appraisal under the Policy and named its appraiser on May 16, 2022. Plaintiff initially named appraiser Gustavo Santos and the parties selected and appointed an umpire on June 13, 2022. As such, the parties entered into appraisal under the terms of the Policy as reflected in the correspondence and e-mails attached hereto and marked as Composite Exhibit B.

5. The Policy's appraisal provision states as follows:

**SECTION I – CONDITIONS**

\*\*\*

**E. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the

2

> appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
>
> Each party will:
>
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.
>
> \* \* \*

*See* Exhibit C, Policy, SECTION I – CONDITIONS, E. Appraisal, pp. 14.

6. Instead of participating in the appraisal process, on July 20, 2022, Plaintiff's counsel furnished Lexington with a Notice of Intent to Litigate filed with the Florida Department of Financial Services. *See* Exhibit D, Notice of Intent to Litigate.

7. On August 3, 2022, Lexington reiterated its prior requests for the parties to participate in appraisal within its timely response to Plaintiff's Notice of Intent to Litigate. *See* Exhibit E, Lexington's August 3, 2022 Response to Plaintiff's July 20, 2022 Notice of Intent to Litigate.

8. On August 5, 2022, Plaintiff responded to Lexington's appraisal demand by naming a new appraiser, Santos Leal, via e-mail. *See* Exhibit F, Email from office of Plaintiff's Counsel to Lexington naming appraiser.

9. Thereafter, while appraisal was underway, Plaintiff filed a Complaint for breach of contract against Lexington on August 11, 2022 in Miami-Dade Circuit Court. The case was removed to the Southern District of Florida, Miami Division, and assigned case number 1:22-CV-23181-KMW. Lexington filed a Motion to Dismiss Plaintiff's Complaint and Plaintiff failed to respond and the case was dismissed without prejudice on November 22, 2022.

10. Now, once again, Plaintiff has re-filed this action (in a nearly identical Complaint) prematurely and improperly while the appraisal process is underway. As of the time of filing of this Motion to Dismiss, the appraisal process has not concluded and an appraisal award not has yet been rendered.

11. Pursuant to the above Policy language, appraisal is mandatory once invoked to determine the amount of loss. *See* Exhibit C, pp. 14. As set forth above, the parties designated respective appraisers. *See* Exhibits B and F. However, Plaintiff impermissibly filed the instant Complaint.

12. Therefore, Plaintiff's Complaint must be dismissed because suit has been prematurely filed while the subject claim is in appraisal.

## MEMORANDUM OF LAW

### A. MOTION TO DISMISS STANDARD.

In ruling upon this Motion to Dismiss, the Court should accept the allegations of the Complaint as true and view the facts in the light most favorable to Plaintiff. *E.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). However, the Court "need not accept ... conclusory allegations, unwarranted deductions, or mere legal conclusions made by a party." *Response Oncology, Inc. v. Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1997) (citation omitted). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). Furthermore, a federal court must follow state law in resolving substantive issues and federal law in resolving

procedural issues presented in a diversity case, such as the instant suit. *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

### B. PLAINTIFF'S COMPLAINT IS PREMATURE AND MUST BE DISMISSED.

Plaintiff prematurely filed and served the instant lawsuit on Lexington erroneously alleging Lexington has breached the Insured's Policy while the claim was in appraisal under the Policy.

In Florida, appraisal provisions are deemed to be conditions precedent to recovery under an insurance policy. *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1103 (Fla. 3d DCA 1994) (citing *Transamerica Ins. Co. v. Weed*, 420 So.2d 370 (Fla. 1st DCA 1982)); see also *Southern Home Ins. Co. v. Faulkner*, 49 So. 542 (Fla. 1909) (noting appraisal amounts to a condition precedent). Further, when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid. *Florida Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791 (Fla. 4th DCA 2010). A large number of Florida insurance cases have long held and reinforced the sound principle that appraisal clauses are enforceable. *E.g. Faulkner*, 49 So. 542 at 543.

It is well established in Florida that appraisal clauses contained in insurance policies, such as that contained in the Insured's Policy, are treated as arbitration agreements and that there exists an "overwhelming" preference in Florida to resolve disputes through arbitration when the parties themselves have contracted for arbitration. *State Farm Fire & Cas. Co. v. Middleton*, 648 So. 2d 1200 (Fla. 3d DCA 1995); *State Farm Fire & Cas. Co.*

5

*v. Licea*, 685 So. 2d 1285 (Fla. 1996) (holding that once appraisal is invoked, it is up to the appraisers to assess the loss and to determine the amount to be paid); *see also Gholston v. Cypress Cas. Co.*, 789 So.2d 547 (Fla. 3d DCA 2001); see also *Johnson v. Nationwide Mutual Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (the dollar value agreed upon under the appraisal process is binding upon the parties.). In *Johnson*, the Florida Supreme Court stated that: "[w]e interpret the appraisal clause to require an assessment of the amount of a loss." 828 So. 2d at 1025. Therefore, the appraisal panel "inspect[s] the property and sort[s] out how much is to be paid on account of a covered peril." *Id*. That amount determined by the appraisal panel is binding upon the parties. *Id.*; *see also Reliance Ins. Co. v. Harris*, 503 So. 2d 1321, 1323 (Fla. 1st DCA 1987). Furthermore, "appraisal clauses are preferred as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." *Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010).

Plaintiff is aware of the Policy obligations and that any bona fide dispute as to the amount of loss must now be resolved through the appraisal process in light of appraisal's invocation under the Policy. The appraisal provision of the Policy is unambiguous, and therefore, the Court must construe the appraisal provision according to its plain meaning. *State Farm Fire & Cas. Co. v. Castillo*, 829 So. 2d 242, 244 (Fla. 3d DCA 2002). An appraisal award is binding as to the amount of damages both under the express language of the provision and Florida law. *Licea*, 685 So.2d at 1287–88 ("If a court decides that coverage exists, the dollar value agreed upon under the appraisal process will be binding upon both parties."). Here, the Policy's appraisal provision states:

8822249.1

**SECTION I – CONDITIONS**

\*\*\*

**E. Appraisal**

If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

1. Pay its own appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

\*   \*   \*

*See* Exhibit C, Policy, SECTION I – CONDITIONS, E. Appraisal, pp. 14.

In the instant case, all conditions precedent have not been complied as alleged by Plaintiff since appraisal was ongoing at the time suit was filed. *See* Exhibits B, C, E and F. More specifically, Lexington performed an investigation into the subject claim and ultimately, Lexington and Plaintiff failed to agree on the amount of the loss. In light of the dispute regarding the amount of the loss, Lexington formally invoked appraisal of the claim, and the parties each designated their appraisers in accord with the above recited Policy's appraisal provision. *See* Exhibit C, Policy, SECTION I – CONDITIONS, E. Appraisal, pp. 14. Despite all of this, the Plaintiff prematurely filed and served the instant lawsuit on Lexington, inaccurately alleging that Lexington has breached the contract.

7

The case of *Travelers of Florida v. Stormont*, 43 So.3d 941 (Fla. 3d DCA 2010), is factually similar to the instant matter. There, the Court examined the circumstance of a lawsuit filed during an insurance policy's appraisal process similar to the case at hand. *Id*. In that case, an insurer demanded appraisal and named its appraiser. *Id*. at 945. Without warning, the policyholder filed suit, demanding payment in a claim where damages were already in the process of being determined through appraisal. *Id*. The Third Florida District Court of Appeal held that once appraisal was demanded, the policyholder was required to comply with the appraisal clause and could not instead file suit, holding in pertinent part: "The suit was premature. Once the insurer demanded appraisal, the insured was required to comply with the appraisal clause. Proceeding to court was not justified." *Id. See also Albritton v. State Farm Fla. Ins. Co.,* 321 So. 3d 370 (Fla. 3d DCA 2021); *see also Goldman v. United Servs. Auto. Ass'n*, 244 So. 3d 310, 312 (Fla. 4th DCA 2018) (affirming summary judgment in favor of insurer where trial court found the insured's suit was 'merely a preemptive lawsuit intended to obtain attorneys' fees for the usual efforts in negotiating an insurance claim').

Like the insurer in *Stormont*, Plaintiff filed a lawsuit while the Policy's appraisal process was ongoing - in direct contravention of Florida law. *See Stormont*, 43 So.3d at 945. Accordingly, this action should be dismissed as the Plaintiff's lawsuit should never have been brought. The appraisal process began prior to Plaintiff's filing and service of this suit. Permitting Plaintiff to proceed with suit is not only in violation of Florida law but would essentially render the appraisal provision of the Policy meaningless, in what may only be interpreted as an attempt to misuse the Florida Statutes in an effort to obtain

attorney's fees. Accordingly, this lawsuit is premature and barred. *See Preferred Mut. Ins. Co.,* 643 So. 2d at 1103; *Faulkner,* 49 So. 542. Thus, Plaintiff's Complaint must be dismissed.

### C. IN THE ALTERNATIVE, LEXINGTON SEEKS TO ABATE AND COMPEL APPRAISAL.

In the event this Court does not grant Lexington's Motion to Dismiss, Lexington requests this Court stay and abate the proceedings pending the Plaintiff's compliance with the Policy condition mandating the appraisal process continue onto its completion in accord with the Policy. In the alternative, if this Court decides not to dismiss the Complaint, it should stay this action pending resolution of the appraisal process. Courts have "broad discretion" as to whether a stay should be granted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Where parties have contracted to pursue appraisal to resolve disagreements that are about the value of covered property, Florida courts and other courts within this circuit have compelled appraisal and stayed litigation. *See Gonzalez*, 2015 WL 12852303 (observing that "'when the insurer admits that there is a covered loss,' any dispute on the amount of loss suffered is appropriate for appraisal") (citations omitted); *Phillips*, 2020 WL 3118415 (granting insurer's motion to compel appraisal and staying case pending appraisal); *cf. Bullard v. Elec. Ins. Co*., No. 19-24225-CIV, 2019 U.S. Dist. LEXIS 190090 (S.D. Fla. Oct. 31, 2019) (dismissing complaint, compelling appraisal, and observing that "[a]lthough the Court may exercise its discretion to stay this matter pending appraisal, the Court does not believe that a stay would further the interests of judicial economy [] given the ... relative simplicity of this claim").

9

If the Court does not dismiss the breach of contract cause of action against Lexington, it should stay the case and require Plaintiff to complete appraisal before proceeding with this lawsuit. *See Grove Towers Condo. Ass'n v. Lexington Ins. Co.,* 2020 U.S. Dist. LEXIS 10182 (S.D. Fla. June 9, 2020).

### D. PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS AND THE PRAYER FOR FEES WITHIN THE COMPLAINT SHOULD BE STRICKEN.

Plaintiff's Complaint alleges that Plaintiff has been forced to retain counsel and that she is entitled to an award of attorney's fees. *See* Exhibit A, Complaint, ¶13, Wherefore clause. However, pursuant to well-settled case law, Plaintiff's counsel is not entitled to attorney's fees for bringing the instant lawsuit against Lexington.

Florida state courts have recognized certain litigation tactics should not be rewarded with attorney's fees where an insurance company is trying to adjust the loss under the policy. *See Albritton v. State Farm Fla. Ins. Co*., 321 So. 3d 370 (Fla. 3d DCA 2021); *Goldman v. United Servs. Auto. Ass'n*, 244 So. 3d 310 (Fla. 4d DCA 2018). In *Hill v. State Farm Florida Ins. Co.,* 35 So.3d 956 (Fla. 2d DCA 2010), the Court held:

> [W]e . . . remand the case for a renewed determination of whether [the insured] filed her lawsuit in good faith in order to force State Farm to adjust the claim or whether she filed suit merely as an effort to seek attorneys' fees for the normal process of adjusting the claim. If she filed her lawsuit in good faith in order to force State Farm to adjust the claim, then she is entitled to attorneys' fees. If not, then State Farm is not liable for the attorney's fees she incurred as a result of filing suit.

Here, Plaintiff was aware that the Policy terms would have required appraisal to resolve any disputed amounts without the need for litigation. In light of Lexington's invocation of the appraisal clause seven (7) months prior to the filing of this suit and

Lexington's repeated reiteration of its appraisal demand, it cannot be said that Lexington incorrectly denied the benefits sought as would be required to trigger Plaintiff's alleged entitlement to attorney's fees and costs. At no point did the claims adjusting process or communications break down on Lexington's account, instead, Plaintiff has attempted to refuse and delay the appraisal process. *See* Exhibits B and E. Therefore, Plaintiff is not entitled to attorneys' fees or costs in the instant lawsuit that appears to have been filed to improperly circumvent the Policy's appraisal provision and in effort to wrongly claim attorneys' fees. Accordingly, Plaintiff's prayer for attorneys' fees and costs in the Complaint should be stricken. *See* Exhibit A, Complaint, ¶13, Wherefore clause.

## CONCLUSION

Plaintiff's Complaint must be dismissed for the reasons set forth herein. Specifically, Plaintiff's suit is barred as premature since it was filed while appraisal, a condition precedent, under the Policy was ongoing in contravention of Florida law. In the alternative, should the Court decline to dismiss the suit, Lexington seeks to abate this action to permit appraisal under the Policy to continue to completion. Further, irrespective of whether the action is dismissed or abated, Plaintiff's counsel is not entitled to any award of attorneys' fees or costs for bringing forth this needless and baseless suit nor have any viable grounds for same been pled.

WHEREFORE, Defendant, Lexington Insurance Company, respectfully requests this Honorable Court Dismiss the Complaint and strike Plaintiff's prayer for attorneys' fees and costs; or in the alternative abate the action and compel the Plaintiff to participate in

continuation of the appraisal process until its completion, and for any other such further relief to Lexington as this Court deems just and proper.

Dated this 27th day of January, 2023.

                              Respectfully submitted,

                              **CLAUSEN MILLER P.C.**

               By:    */s/ Irene Thaler*
                        IRENE THALER, ESQ., FBN: 88288
                        4830 West Kennedy Blvd., Suite 600
                        Tampa, Florida 33609
                        Phone: (813) 519-1027
                        ithaler@clausen.com
                        rgomez@clausen.com
                        ylyles@clausen.com
                        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 27th day of January, 2023.  I also certify that the foregoing document is being served this day on all counsel of record:

    Carlos Santi, Esq.
    Property & Casualty Law Group
    csanti@pclawgroup.com

                              **CLAUSEN MILLER P.C.**

               By:    */s/ Irene Thaler*
                        IRENE THALER, ESQ.,
                        FBN: 88288

8822249.1